UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER VICENTE MENDEZ,<br>Petitioner,<br>v.<br>RON MURRAY, et al.,<br>Respondents. | No. 1:26-cv-07571-DAD-CKD<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPOUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On September 17, 2026, petitioner, by and through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

Petitioner alleges that he is 27 years old, he entered the United States as an unaccompanied minor in 2016, upon entry he was placed in the custody of the Office of Refugee Resettlement ("ORR") and then released upon a finding that he presented neither a flight risk nor danger to the community, and he was then re-detained on May 27, 2026. (Doc. No. 1 at ¶¶ 1–3.) Based upon the foregoing, the undersigned ordered that petitioner be released from immigration detention because petitioner's May 27, 2026 re-detention pursuant to 8 U.S.C. § 1225(b) violated his due process rights to notice and a pre-deprivation hearing where petitioner was previously

detained as an unaccompanied minor pursuant to 8 U.S.C. § 1232. *Vicente Mendez v. Murray*, No. 1:26-cv-05353-DAD-CKD (HC), 2026 WL 2056606, at *1 (E.D. Cal. July 16, 2026). The court further ordered that respondents were enjoined and restrained from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents would bear the burden to demonstrate that petitioner was a danger to the community or a flight risk by clear and convincing evidence. *Id.* at *2. Respondents immediately released petitioner and subsequently re-detained him on August 26, 2026 following notice and a pre-deprivation hearing where the immigration judge determined that petitioner was a danger by clear and convincing evidence. (Doc. Nos. 1 at ¶ 5; 7 at 2.) Petitioner argues that the immigration judge who conducted the pre-deprivation hearing erred by declining to determine whether detention was the "least restrictive setting" appropriate for petitioner to mitigate his dangerousness, as required pursuant to 8 U.S.C. § 1232(c)(2)(B). (Doc. No. 1 at ¶ 5.)

On September 19, 2026, the court related and reassigned this action to the undersigned, set a briefing schedule on petitioner's motion for temporary restraining order, and directed respondents to indicate whether they oppose this court ruling on the underlying petition and, if so, to provide substantive reasons in support thereof in their opposition. (Doc. No. 6.)

On September 21, 2026, respondents filed an answer to petitioner's petition for writ of habeas corpus. (Doc. No. 7.) Therein, respondents argue that petitioner was not entitled to the least restrictive setting standard of 8 U.S.C. § 1232(c)(2)(B) because petitioner was not in detention when he reached 18 years of age. (*Id.* at 3.) Respondents do not object to the court ruling on petitioner's petition without further briefing or a hearing, and the court will do so.

Title 8 U.S.C. § 1232(c)(2)(A) states that "an unaccompanied child in the custody of the Secretary of Health and Human Services shall be promptly placed in the least restrictive setting that is in the best interest of the child." The statute then outlines the protections due to an unaccompanied minor who reaches the age of 18 years of age.

> If a minor described in subparagraph (A) reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting

> available after taking into account the alien's danger to self, danger to the community, and risk of flight. Such aliens shall be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision, which may include placement of the alien with an individual or an organizational sponsor, or in a supervised group home.

8 U.S.C. § 1232(c)(2)(B).

Respondents argue that because the protections of 8 U.S.C. § 1232(c)(2)(B) are premised on an unaccompanied minor who reaches the age of 18 being *transferred* to the *custody* of the Secretary of Homeland Security, only unaccompanied minors detained when they turn 18 years of age are subject to the least restrictive setting standard. (Doc. No. 7 at 3.)

The U.S. District Court for the Southern District of New York has explained why this argument fails.

> Under Section 1232(c)(2)(B), UACs[1] who live with sponsors . . . , are in the "custody" of the HHS,[2] such that the protections of the amendment apply. The TVPRA,[3] as amended, requires DHS[4] to "consider placement in the least restrictive setting" of UACs who attain majority while in HHS custody. 8 U.S.C. § 1232(c)(2)(B). Petitioner, who turned eighteen while on physical release but in legal custody of the HHS, pursuant to a Sponsorship Agreement, was deserving of such protection.

*Lopez v. Sessions*, No. 18-cv-04189-RWS, 2018 WL 2932726, at *10 (S.D.N.Y. June 12, 2018). In sum, 8 U.S.C. § 1232(c)(2)(B) "require[s] **all** persons who have aged out to be considered for placement in the least restrictive setting." *Y.A.A. v. LaRose*, No. 3:26-cv-03071-LEK-VET, 2026 WL 1881585, at *5 (S.D. Cal. June 30, 2026) (citations omitted).

The court notes that in its prior order involving this same petitioner, the court based the relief afforded on the requirements of due process. As such, the court did not specifically direct that the statutory least-restrictive-setting standard be applied prior to re-detention. Because

---

[1] Unaccompanied Alien Children.

[2] Department of Health and Human Services.

[3] Trafficking and Victims Protection Reauthorization Act.

[4] Department of Homeland Security.

petitioner received the process due pursuant to the court's prior order but has not received the process due pursuant to 8 U.S.C. § 1232(c)(2)(B), the court will order that respondents conduct a post-deprivation hearing where the immigration judge applies the appropriate legal standard.[5]

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED IN PART AND DENIED IN PART as follows:
    a. Respondents are ORDERED to provide petitioner with a hearing before an immigration judge at which hearing the immigration judge shall conduct the least-restrictive-setting analysis required by 8 U.S.C. § 1232(c)(2)(B);
    b. Respondents are ORDERED to provide this hearing within fourteen days of the date of entry of this order, or else immediately release petitioner;
    c. Petitioner's request for immediate release is otherwise DENIED without prejudice;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting petitioner *habeas* relief; and
3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[5] However, the court cautions respondents that relief ordered by the court will not always exhaustively detail every procedural protection, constitutional or statutory, to which respondents must abide in the future. Under different circumstances, the court may find that it is appropriate to order the petitioner's immediate release even where respondents abide by the court's prior order.